Dear Director Benton,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Is the expense of a supersedeas bond considered "cost of litigation"pursuant to 74 O.S. 20(h).
74 O.S. 20(f) provides that upon proper notification the Attorney General must defend any employee "in any civil action or special proceeding in the courts of this state, or of the United States, brought by reason of any act done or omitted in good faith in the course of his employment . . . ." In connection therewith 74 O.S. 20(h) (A) requires the Attorney General to pay the cost of such litigation. Paragraph B of 74 O.S. 20 contains a partial list of items which are to be considered "cost of litigation." However, the expenses of a supersedeas bond is not specifically listed in paragraph B of 74 O.S. 20. Consequently, an examination of case law and other authority is necessary to determine if the expense of a supersedeas bond is considered cost of litigation. In Oklahoma, 12 O.S. 978 (1971) describes costs which may be recovered on appeal.
 "When a judgment or final order is reversed, the plaintiff in error shall recover his costs, including the cost of the transcript of the proceedings, or case-made, filed with the petition in error; and when reversed in part and affirmed in part, cost shall be equally divided between the parties."
In addition, Supreme Court Rule 32 is substantially the same as the above quoted statute. City of Moore v. Central Oklahoma Master Conservancy District, 441 P.2d 452 (Okla. 1968). Therefore, under Oklahoma law, the items to be recovered as cost of litigation, must necessarily be limited to those items authorized by 12 O.S. 978 (1971) and Supreme Court Rule 32.
 ". . .The right to costs and attorney fees did not exist at common law and, therefore, any award must be based upon a statutory enactment." National Education Life Insurance Company v. Apache Lanes, Inc., 555 P.2d 60(), 601 (Okla. 1976).
In addition, inclusion of the expense of a supersedeas bond in the costs of litigation was specifically discussed in the National Education Life Insurance case. Based on that decision and the City of Moore decision, it is clear that the expense of a supersedeas bond cannot be recovered as costs of litigation in Oklahoma.
Finally, 74 O.S. 20(h)(B) is careful to distinguish between cost of litigation and the payment by the State of Oklahoma of any judgment entered against the employee. It is clear from that statute that neither the state nor the Attorney General can pay any judgment should it be rendered. The cost of a supersedeas bond is an expenditure closely analogous to the judgment itself. Therefore, it does not appear that the Legislature intended this kind of item to be included in the expenses paid for by the Attorney General.
Since the State statute must be interpreted in light of State law, the existence of federal authority to the contrary is not controlling. Further, since the Attorney General's authority is derived from state statute, the pendency of the action in State or Federal Court is not relevant.
It is, therefore, the opinion of the Attorney General that the costs oflitigation which the Attorney General is authorized to pay pursuant to 74O.S. 20(h) do not include the expense of a supersedeas bond pending anappeal.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN FISCHER, ASSISTANT ATTORNEY GENERAL